# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 7:05-cr-5 (HL) |
| | : | |
| **W. LEE PATRICK, JR.,** | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. In its opinion, issued May 16, 2007, the Eleventh Circuit found reversible error with respect to the sentence and restitution order imposed on Defendant, W. Lee Patrick, Jr. The court thus remanded the case to this Court for resentencing.

Following a jury trial, Patrick was found guilty of embezzling, and conspiring to embezzle, funds from the Valdosta-Lowndes County YMCA. Patrick was sentenced by this Court to a term of imprisonment of 65 months based on a determination of an amount of loss of $1,465,066.57. He was ordered to pay restitution in the same amount. On appeal, the Eleventh Circuit determined that the Court improperly used the YMCA's tax liability as the basis for the restitution amount and to determine the amount of loss. The appellate court also found that this Court erred in including amounts that were legitimately paid to Patrick for work done at the YMCA in determining the amount of loss. The court thus remanded the case for resentencing in light of these determinations.

At the resentencing hearing, therefore, this Court will be called upon to make two

determinations: The amount of loss which can be attributed to Patrick's conduct, which amount will then be used to calculate Patrick's offense level, and the amount of restitution to be paid by Patrick. The Court will be required to make factual findings sufficient to support its determinations. *See, e.g.,* United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999). Because the Court's findings and conclusions will necessarily be based on complex evidentiary matters, the Court is of the opinion that it would be beneficial to have the parties brief the issues before the resentencing hearing. Therefore, the Court directs as follows:

By not later than June 13, 2007, the Government shall file a brief in which it sets forth the amount of loss which it believes is established by the evidence produced at the trial of this matter. The Government shall set forth with some specificity the manner by which the loss is calculated and shall also identify for the Court the evidentiary basis for its calculations. *See, e.g.,* Cabrera, 172 F.3d at 1292 (holding that when a loss determination is challenged, "the government bears the burden of supporting its loss calculation with 'reliable and specific evidence'"). The Government should also set forth the amount of restitution that it believes to be appropriate in this case, and shall also set out the evidentiary basis for its determination.

By not later than June 25, 2007, the Defendant shall file his response to the Government's brief, in which he shall set forth, with specificity, his challenges, if any, to the amount of loss and amount of restitution sought by the Government. The Calendar Clerk shall set this matter down for resentencing at a date soon thereafter.

**SO ORDERED**, this the 23rd day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls