# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 7:05-cr-5 (HL) |
| | : | |
| **W. LEE PATRICK, JR.,** | : | |
| | : | |
| Defendant. | : | |

# ORDER

Defendant, W. Lee Patrick, Jr., has filed a Motion for Correction of Sentence (Doc. 236), in which he requests that the amended judgment, entered May 14, 2008, be corrected as follows: (1) to remove from the Schedule of Payments section on page six, the joint and several liability provision in the amount of $1,465,066.57; and (2) to remove the requirement that he participate in a substance abuse program.

Federal Rule of Criminal Procedure 36 permits a court, at any time, to correct a clerical error in a judgment arising from oversight or omission. In this case, as Patrick suggests, the inclusion of the requirement that he participate in a substance abuse program was the result of an error in the preparation of the amended judgment, and is directly contrary to the Court's statement at resentencing that no mandatory drug testing and no substance abuse counseling and treatment would be imposed. The Court thus finds that it is appropriate to, and does hereby, correct the judgment to remove from page four of the amended judgment the Special Condition of Supervised Release requiring Patrick to

participate in a substance abuse program.

Furthermore, that portion of Patrick's sentence that made him jointly liable with Toni Fillyaw for the sum of $1,465,066.57, was vacated by the United States Court of Appeals for the Eleventh Circuit in an order entered May 17, 2007. The issue of the amount of restitution was remanded to the Court for resentencing. At resentencing, the Court reduced the amount of restitution assessed against Patrick to $408,265.14, and directed that liability for that amount be joint and several with Toni Fillyaw. The amount of restitution to be paid by Patrick was later reduced by the Eleventh Circuit to $343,265.14, but the amended judgment that was entered following the Eleventh Circuit's decision was not changed to reflect the reduced amount. Therefore, the amended judgment was incorrect as far as it made Patrick liable for the amount of $1,465,066.37. However, the Eleventh Circuit's decision did not alter the requirement that the amount of restitution be joint and several with Toni Fillyaw. Accordingly, the Court finds it appropriate to, and does hereby, correct the judgment to change that portion of the Schedule of Payments on page 6 to assign joint and several liability with Toni Fillyaw in the amount of $343,265.14.

Furthermore, although not raised by Patrick in his Motion, the Court notes that the amended judgment also makes Patrick jointly and severally liable with Nicky Tampas in an amount "to be determined." In view of the determination by the Eleventh Circuit that the amount of restitution to be assessed against Patrick is $343,265.14, the amended judgment should have been changed to reflect joint and several liability with Nicky Tampas in the amount of $343,265.14. Accordingly, the Court does hereby correct the Schedule of

2

Payments on page 6 of the judgment to assign joint and several liability with Nicky Tampas in the amount of $343,265.14.

The Court has conferred with counsel for the Government as to the corrections sought by Defendant's Motion, and counsel for the Government has advised the Court that he agrees that the changes are appropriate. In view of all of the foregoing, Defendant's Motion for Correction of Sentence is granted, in part, as set forth herein.[1]

**SO ORDERED**, this the 19th day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls

---

[1] Despite the best efforts of the undersigned, the issue of restitution in this matter has always been confusing. Perhaps a few words of explanation will assist some future reader. Toni Fillyaw, Nicky Tampas, and Lee Patrick were tried separately based on facts common to all three defendants. All were found guilty. Restitution was ordered in each case, but the amount of restitution assigned to each defendant was different, notwithstanding that the total loss suffered by the victim, the Valdosta YMCA, in the amount of $1,465,066.57, was the same in each trial. At the end of the day, Fillyaw has been ordered to make restitution in the amount of $1,565,066.57; Tampas has been ordered to make restitution in the amount of $408,265.14; and Patrick has been ordered to make restitution in the amount of $343,265.14. All three defendants are liable jointly and severally for the respective amounts assigned to them, but the liability of each ends when he or she has personally paid his or her respective amount. Any restitution paid by any defendant shall be credited against the total loss suffered by the victim, but each defendant shall remain liable for any unrestored loss until he or she shall have paid a sum equal to the restitution she or he was ordered to pay.